CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 4 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDY L. WEDDLE, ) | |
| ) | Civil Action No. 7:04CV00746 |
| Appellant, ) | |
| ) | **OPINION** |
| v. ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| CIT GROUP/ CONSUMER FINANCE, ) | |
| ) | |
| Appellee. ) | |

The appellant, Randy L. Weddle, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 20, 2004 in the United States Bankruptcy Court for the Western District of Virginia. The petition operated as an automatic stay on most actions against Mr. Weddle, including any act to enforce a lien against his property. See 11 U.S.C. § 362(a). The appellee, CIT Group/ Consumer Finance ("CIT Group"), subsequently filed a motion for relief from the automatic stay. During a hearing on November 10, 2004, the bankruptcy court granted CIT Group's motion. This matter is presently before the court on Mr. Weddle's motion for leave to appeal the bankruptcy court's interlocutory order. Mr. Weddle contends that the bankruptcy court improperly relied on exhibits that were not introduced into evidence. For the following reasons, the court will deny Mr. Weddle's motion.

This court has discretionary appellate jurisdiction over interlocutory orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a). While parties may appeal final orders from the bankruptcy court as a matter of right, they may only appeal interlocutory orders "with leave of the court." See 28 U.S.C. § 158(a). When determining whether to grant leave to appeal an interlocutory bankruptcy order, district courts generally apply the standard set forth in 28 U.S.C. § 1292(b), the statute governing interlocutory review by the circuit courts. See In re Charlotte

Commercial Group, Inc., 2003 U.S. Dist. LEXIS 5392, at *4 (M.D. N.C. March 13, 2003); KPMG Peat Markwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 78 (E.D. Va. 2000); In re Swann Ltd. P'ship, 128 B.R. 138, 139 (D. Md. 1991). Under § 1292(b), leave to appeal an interlocutory order should be granted only when (1) the order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and (2) an immediate appeal from the order would materially advance the termination of the litigation. 28 U.S.C. § 1292(b).

Having considered these factors, the court concludes that Mr. Weddle has failed to demonstrate that an interlocutory appeal is appropriate. Mr. Weddle has not identified a controlling question of law as to which there is substantial ground for a difference of opinion. Moreover, even if Mr. Weddle was to succeed on appeal, it would not advance the ultimate termination of the bankruptcy proceeding. For these reasons, the motion for leave to appeal the bankruptcy court's interlocutory order must be denied.

The Clerk is directed to send a certified copy of this order to all counsel of record.

ENTER: This 24th day of June, 2005.

_____
United States District Judge